## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY D. KINNEY,

       Plaintiff,

v.                                        COURT FILE NO.: 07-2248-KHV

NATIONS RECOVERY CENTER INC.,

       Defendant.

### STIPULATED PROTECTIVE ORDER

The Court, upon the motion of Defendants, approves and enters the following Stipulated Protective Order:

**1. Purpose of Order.** The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect Defendant's proprietary and/or copyrighted documents and policies related to employee training. The privacy interests in such documents and information substantially outweigh the public's right of access to judicial records.

**2. Confidential Documents and Information.** The parties have agreed that the following categories of documents and information, if produced or disclosed during the litigation, shall be treated as confidential and used only for purposes of this lawsuit: ALL TRAINING DOCUMENTS OF DEFENDANT NATIONS RECOVERY CENTER, INC.

**3. Definitions.**

    a.  **"Document".** As used in this Order, "document" shall mean any written, recorded,

1

graphic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, responses to requests for admissions, statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings.

b**. "Confidential document".** As used in this Order, "confidential document" means any document designated as confidential in the manner provided by paragraph 4 of this Order.

**4. Designating Documents as Confidential**.  Any party to this action may designate as confidential a document produced after entry of this Order by conspicuously stamping or labeling the document with the word "Confidential".  A document consisting of multiple documents or pages, such as a personnel file or report, may be designated as confidential in its entirety by stapling or binding the documents or pages together and stamping or labeling the cover or first document or page with the word "Confidential". Documents produced by either side shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as provided in this Order. The inadvertent failure to designate a document as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the document and the information in it shall be treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents relating to the subjects enumerated in paragraph 2 may be designated as confidential.  Parties to this action may designate deposition testimony relating to the subjects enumerated in paragraph 2 as confidential by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually

2

agreed upon by the parties, of the pages and lines of the deposition that the party believes fall under paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

**5. Disclosure of Confidential Documents or Information.** Confidential documents and the information contained therein are to be treated as such by the party receiving them and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed by the parties or ordered by the Court, the disclosure of such confidential documents and information is limited to:

a. Court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

b. Persons with prior knowledge of the confidential documents or information;

c. Counsel of record;

d. Counsel's legal and clerical assistants and staff;

e. The parties, including officials and managerial employees.

f. Any independent document reproduction services or document recording and retrieval services;

g. Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

h. Any other person of whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony; and

i. Any mediator agreed to by the parties, but not appointed by the Court.

**6. Duties of Persons Disclosing Confidential Documents or Information.** Prior to

disclosing confidential documents or information to any person pursuant to paragraph 5 other than counsel of record, the person making the disclosure shall: (1) apprise the person to whom disclosure is to be made of their confidential nature; (2) apprise that person that the Court, pursuant to this Order, has enjoined the use of such documents or information by such person for any purpose other than the prosecution or defense of this case and has enjoined the disclosure of such documents and information to any person, except as provided in this Order; (3) require the form agreement attached hereto to be executed by said person prior to the disclosure of the confidential information. Said executed agreement shall be kept in a safe and secure manner with said confidential documents.

**7. Duties of Persons to Whom Confidential Documents or Information Are Disclosed.** Each person given access to confidential documents or information pursuant to paragraph 5 of this Order shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as provided by the express terms of this Order.

**8. Submission of Confidential Documents to the Court**. In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information and used therein under seal. In the event the court grants the party's motion, such information shall be maintained under seal by the court and shall be treated as Confidential.[1]

D. Kan. Rule 5.4.6 governing sealed documents currently requires conventional filing for all documents ordered to be placed under seal in civil cases until the Electronic Filing System "has

---

[1] *See*, *e.g.*, *Holland v. GMAC Mort. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004)(same).

adequate confidentiality procedures for sealed documents." Pursuant to Standard Order 07-03, as of July 19,2007, the District of Kansas has adopted such adequate procedures for the electronic filing of sealed documents.

Standard Order 07-03[2] provides in part:

[I]n civil cases, a party filing a motion for leave to file documents under seal shall file that motion electronically under seal in the filing system. The motion for leave to file under seal shall attach as sealed exhibits the document(s) the party wishes to be filed under seal. . . . Finally, the party shall provide the motion and document(s) it wishes to be filed under seal to all other parties in the case. If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case . . . the ability to view sealed documents in that case . . . . The filing party shall then file its document(s) electronically under seal.

**9. Disputes Concerning Designation of Confidential Documents.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of documents as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidentiality of the information may apply for appropriate relief from this Court. Unless and until this Court enters such an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order.

**10. Use of Confidential documents and Information.** Unless otherwise ordered by the Court, the parties and their counsel have the right to use confidential documents and information in the

---

[2]This order is located on the District's website.

5

trial of this case. The parties and their counsel shall exercise reasonable care not to disclose confidential documents and information by placing them in the public record in this case. In the event confidential documents or information are used in any court proceeding in this case, including depositions, such documents or information shall not lose their confidential status, and the parties shall take all steps reasonably required to protect the confidentiality of the documents or information during such use.

**11. Right to Object and Privileges Not Waived**. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order or the right to file a motion in limine regarding the use of any such document or the information contained in it. Further, the parties do not waive any legal right or privilege to object to the production for any document, including any right or privilege under the work product doctrine or attorney-client privilege.

**12. Binding Effect of This Order**. This Order is binding upon the parties, all counsel for the parties, and all persons to whom disclosure of confidential documents and information are limited pursuant to the terms of this Order and who have signed the form agreement.

**13. Return of Confidential Documents**. At the conclusion of this litigation, the parties' respective counsel shall, upon written request of the other party, return all confidential documents, including all copies.

14. **Termination of the Case.** Consistent with the Protective Order Guidelines posted on the Court's website, the Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this protective order.

**IT IS SO ORDERED.**

Dated this 5th day of September, 2007.

>                         s/ K. Gary Sebelius
>                         K. Gary Sebelius
>                         U.S. Magistrate Judge

## AGREEMENT

**PRINTED NAME:**

**ADDRESS:**

**TELEPHONE NUMBER:**

By signing below, I agree understand that a Protective Order has been entered in the case styled, <u>Kinney v. Nations Recovery Center, Inc</u>, No. 07-2248-KHV-KGS requiring that certain documents and information be kept confidential and under restricted access. Further, I agree that if given access to the said confidential documents and information, I will segregate such material, keep it strictly secure, refrain from disclosing it in any manner, and shall keep such documents and information confidential.

_____<br>Name